E. P. ROSE, J. L. ROSE, J. J. ROSE, AND Z. H. LOW-DERMILK, PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF E. P. ROSE & CO., PLAINTIFFS IN ERROR, VS. J. B. WITHERS, ADMINISTRATOR UPON THE ESTATE OF E. J. BAKER, DECEASED, FOR THE USE OF A. P. STUCKEY, DEFENDANT IN ERROR.

1. Prior to the adoption of the Revised Statutes of 1892 an administrator could maintain ejectment for lands not exempt belonging to his intestate at the time of his death. But by section 1917 of these Revised Statutes real estate of a decedent descends to the heir or devisee, and remains in his possession until the administrator or executor takes possession of or sells same under an order of court for the payment of debts, or until the land is sold under execution by a creditor of the decedent.

2. In the absence of any evidence as to the date of the death of an intestate, or as to the date of the appointment of the administrator, or that the administrator had ever been in possession of or directed by any court to take possession of lands involved in an ejectment suit begun by the administrator subsequent to the adoption of the Revised Statutes, a verdict for the administrator can not be sustained upon proof of his intestate's title to and possession of such lands at the time of his death.

Writ of Error to the Circuit Court for Hamilton ·county.

The facts in the case are stated in the opinion of the ·court.

*Blackwell & Rees*, for Plaintiff in Error.

No appearance for Defendant in Error.

CARTER, J.:

On June 17, 1892, defendant in error began an action of ejectment against plaintiffs in error in the Circuit Court of Hamilton county; the declaration filed July 4, 1892, claiming for plaintiff "J. B. Withers, administrator upon the estate of E. J. Baker, deceased, for the use of A. P. Stucky," title to, and right of possession of, certain land therein described. Defendants filed their plea "not guilty" on August 1, 1892. Issue having been joined on this plea, a trial was had January 26, 1893, resulting in a verdict, followed by judgment, for plaintiff, for the fee simple title to, and possession of, the lands sued for. A motion for a new trial was made, one ground thereof being that the verdict was not justified by the evidence, and, being overruled by the court, a writ of error was sued out to this court. The only evidence introduced upon the trial in support of plaintiff's right of recovery was a tax deed dated April 5, 1888, purporting to convey certain land, subsequently shown to be the same as that sued for, to E. J. Baker, his heirs and assigns. This deed recited that the land was sold April 4, 1887, by the tax collector of Hamilton county, for non-payment of taxes levied and assessed thereon for the year 1886, together with costs and charges due therewith; and was purchased by said E. J. Baker at the sale. The defendants introduced evidence for the purpose of impeaching the validity of this tax deed, but it is unnecessary to state this evidence, as no assignment of error based thereon is here insisted upon. Defendants also objected to the introduction of oral testimony to prove that the land described in the tax deed was

the same as that described in the declaration, but the view we take of the case renders it unnecessary for us to consider that objection, as the judgment must be reversed upon another ground. We will consider the assignment of error only which complains of the action of the Circuit court in overruling the motion for a new trial.

There is nothing in the record to show when E. J. Baker, plaintiff's intestate, died; nor when plaintiff was appointed administrator; nor that plaintiff had ever been in possession of the lands sued for; nor that the administrator had ever been directed by any court to take possession of said land; nor that A. P. Stuckey had or even claimed any right or interest of any character in the title or possession of the land, although the suit was instituted after the Revised Statutes of 1892 took effect. The jury under this state of facts should have found a verdict for the defendants, and the court erred in refusing the motion for a new trial upon the ground stated. Prior to the adoption of our Revised Statutes, an administrator could maintain ejectment for lands belonging to his intestate at the time of his death. He had the right of entry into and the right of possession of the real estate of his decedent, not exempt, and his right to recover in ejectment followed his right to rents and profits, and because the statutes then in force expressly made such real estate assets in his hands, with power to cultivate the same under certain circumstances. Sanchez vs. Hart, 17 Fla. 507; Doyle vs. Wade, 23 Fla. 90, 1 South. Rep. 516; Jacksonville, Tampa & Key West Ry. Co. vs. Adams, 27 Fla. 443, 9 South. Rep. 2. Section 1917 Revised Statutes of 1892 has made a very decided change in the powers of an administrator with regard

to real estate of his decedent. It reads: ''Real estate shall be liable for the debts of a decedent, but shall descend to the heir or devisee of such decendent and remain in his possession until the executor or administrator shall take possession of, or sell the same under the order of the court, for the payment of debts; or until the same shall be sold under execution by any creditor of the decedent.'' Here is an express declaration that the real estate of a decedent shall descend to and remain in *possession* of the *heir or devisee* until the administrator shall take possession of or sell the same under *order of the court*, or until the land shall have been sold under execution by a creditor of the decedent. A present right of possession being necessary to a recovery in ejectment (Barco vs. Fennell, 24 Fla. 378, 5 South. Rep. 9), and the plaintiff having shown no such right in this case he was not entitled to recover upon the title of his intestate, which was the only basis of recovery shown by his evidence.

The judgment is reversed and a new trial granted.