[No. 3462.  Decided January 19, 1900.]

THE STATE OF WASHINGTON *on the Relation of William P. Trimble* v. ROBERT BRIDGES *et al., as the Board of State Land Commissioners.*

HARBOR AREAS—LEASE—IMPROVEMENTS—CONSTITUTIONAL LAW.

Under art. 15, of the state constitution, prohibiting the sale or grant of harbor areas, except by lease, for not longer than thirty years, of the right to build and maintain wharves, docks and other structures, Laws 1899, p. 225, providing that "the lessee of any part of such harbor area may at his or its option improve the same in such manner, subject to the approval of the board, and to such extent, as such lessee shall elect," is invalid, because it vests the election to improve the harbor area in the lessee, while the constitution vests the option in the state.

*Original Application for Prohibition.*

*G. E. de Steiguer,* for relator.

*Thomas M. Vance,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—On the first of November, 1898, the relator obtained a lease, under § 53 of the act of March 16, 1897 (Laws 1897, p. 255), from the state, of the right to erect wharves, docks, and other structures, as provided in the section, in a designated portion of the harbor area in front of the city of Seattle. Among other provisions in the section it was declared that,

"After the expiration of one year, if the parties who have leased any of the said areas do not commence to build wharves, docks or make such other improvements as provided in this act, the commission may cancel the lease and re-lease the same under the provisions of this act."

But the section, as amended in 1899 (Laws 1899, p. 225), contained the following provisions in lieu of the requirement to improve:

" The lessee of any part of such harbor area may at his or its option, improve the same in such manner, subject to the approval of the board and to such extent as such lessee shall elect."

In July, 1899, the relator applied to have the rents of his lease adjusted in accordance with the amended section. By the section as amended, the rental fixed and reserved to the state is in such a sum as the board shall fix, not exceeding one per centum of the value of a strip of the shore or tide lands, exclusive of all improvements thereon, adjoining the portion of the harbor area embraced in such lease of equal width.

The respondent advised the relator to return his lease with a remittance covering the rentals then accrued, with which requirement the relator immediately complied. Nothing further appears to have occurred until November, 1899, when the relator was notified by the respondent that his lease was held for cancellation for failure to make improvements under the act of 1897, and that a hearing was appointed for that purpose. At the time set for the hearing the relator appeared before the commission and objected to the notice of hearing, on the ground that it did not comply with the rules of the board of land commissioners, and protested that the power, authority, and jurisdiction of the board to inquire into the performance of the stipulations under the lease and forfeit the same for failure to improve, had been withdrawn by the legislature under the amendment of § 53, approved March 14, 1899. The board assuming to proceed at the hearing, the relator prays for prohibition against its contemplated action.

Counsel for relator maintains that § 53 of the act of 1897, *supra,* as amended in the act of 1899, was intended to be retroactive by the legislature, and that existing leases under the law of 1897, such as relator's, should be conformed to the provisions of the amendment; that, as it is

specially declared that the reduced rental under the amended section is applicable to existing leases, the intention of the legislature was to relieve tenants as well as of the obligation to improve, as to reduce the rent. It is further insisted that the legislative intent was also to give such effect to the amendment as to make all leases uniform under the law of 1899. There is much force in the contention of counsel for relator that the legislature intended, in the enactment of 1899, to relieve the lessee of some of the burdens imposed upon him under § 53 of the law of 1897. The rental in the latter act was reduced to a mere nominal sum, and the obligation to improve was left to the election of the lessee. The retroactive nature of the last statute has been fully discussed by counsel for both the relator and the respondent, but, in view of the question of the validity of the amendment contained in the act of 1899, it is not deemed necessary to follow the discussion upon the construction of the amendment. The act of March, 1897, *supra,* is a complete law with reference to the control of harbor areas. The act of March 14, 1899, purports to be an amendment of a single section (53) of the former act. The amendment confers upon the board "power to cancel any lease for a substantial breach by the lessee of any of the conditions thereof." The original section contains substantially the same provision, the language being, "The commission shall have power to annul or cancel any lease upon a breach of its conditions by the lessee." But the contention of the relator is that by the amendment the power to cancel the lease for failure to improve according to its terms was repealed.

The vital question for determination is, was the legislature authorized to relieve the lessee from the obligation to improve the harbor area leased by him. Section 1, art. 15, of the constitution, relating to harbors and tide waters, declares:

" The state shall never give, sell or lease to any private person, corporation, or association any rights whatever in the waters beyond such harbor lines, nor shall any of the area lying between any harbor line and the line of ordinary high tide, and within not less than fifty feet nor more than six hundred feet of such harbor line (as the commission shall determine) be sold or granted by the state, nor the right to control the same relinquished, but such area shall be forever reserved for landings, wharves, streets, and other conveniences of navigation and commerce."

Section 2 of the same article declares the manner in which the harbor area may be improved for the convenience of navigation and commerce:

" The legislature shall provide general laws for the leasing of the right to build and maintain wharves, docks and other structures upon the areas mentioned in section 1 of this article, but no lease shall be made for any term longer than thirty years, or the legislature may provide by general laws for the building and maintaining upon such area wharves, docks and other structures."

The class and purpose of the improvements to be erected mentioned in the latter section of the constitution were defined in *State ex rel. Denny v. Bridges,* 19 Wash. 44 (52 Pac. 326, 40 L. R. A. 593). The control perpetually of the harbor area by the state is made plain in the constitution. The legislature may provide by general laws for the building and maintaining of necessary structures upon such area by the state, or it may, by general laws, lease to individuals or corporations "the right to build and maintain wharves, docks and other structures" thereon, but it is not authorized to relinquish the control of the improvement of the harbor area to any individual or corporation. The only right the lessee can obtain is to make improvements for the use of which he receives remuneration. There is no right given by the constitution to lease the harbor area as such, or to control so much of

the area of navigable water as such, but the right granted is to build and maintain wharves, docks, and other structures under the regulation and control of the state. The amendatory act of 1899 does not impose upon the lessee the obligation to improve the area leased thereunder, but, on the contrary, it distinctly specifies that the lessee "may, at his or its option, improve the same in such manner, subject to the approval of the board and to such extent as such lessee shall elect." If this provision be valid, it contains a contract with the state by which the lessee, under the terms of the lease provided in the statute, may hold a portion of the harbor area for a period of thirty years, and beyond the power of the state to improve or to have the same improved. Such lease becomes a contract, and by the rendition of a mere nominal rental the lessee may hold at his pleasure the harbor area without improving it. This is not in accord with the intent and manifest prescription of the constitution.

The vice of the amended section in the act of 1899 is that it vests the option and election to improve the harbor area in the lessee, a private individual or corporation, rather than resting it, as vested by the constitution, in the state. The provisions relative to improvements by the lessee incorporated in the amendatory act of 1899 are, therefore, void.

The writ is denied.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.