VOL. 57,. JANUARY TERM, 1909.        399

Ferry Pass Ins. & Ship. Asso. v. Whites R. Ins. Asso.—Syllabus.

THE FERRY PASS INSPECTORS' AND SHIPPERS' ASSOCIA-
TION, A CORPORATION, *Appellant*, V. THE WHITES
RIVER INSPECTORS' AND SHIPPERS' ASSOCIATION, A
CORPORATION, *Appellee*.

| 57 | 399 |
| 58 | 168 |
| 58 | 410 |
| cc59 | 241 |
| f59 | 244 |
| f59 | 452 |
| f59 | 453 |

1.   The State by virtue of its sovereignty holds in trust for all the inhabitants of the State the title to the lands under the navigable waters within the State including the shore or space between high and low water marks.

2.   The common law rights of riparian owners with reference to navigable waters are incident to the ownership of the uplands that extend to high water mark.

3.   Riparian owners have no exclusive right to navigation in or commerce upon a navigable stream opposite the riparian holdings, and have no right to so use the water or land under it as to obstruct or unreasonably impede lawful navigation and commerce by others, or so as to unlawfully burden or monopolize navigation or commerce. The exclusive rights of a riparian owner are such as are necessary for the use and enjoyment of his abutting property and the business lawfully conducted thereon; and these rights may not be so exercised as to injure others in their lawful rights.

4.   The rights of the public in navigable streams for purposes of navigation are to use the waters and the shores to high water mark in a proper manner for transporting persons and property thereon subject to controlling provisions and principles of law. The right of navigation should be so exercised as not to infringe upon the lawful rights of others.

5.   A riparian owner may use the navigable waters and the lands thereunder opposite his land for purposes of navigation and of conducting commerce or business thereon, but such right is only concurrent with that of other inhabitants of the State and must be exercised subject to the rights of others.

6.   A riparian owner has a right to enjoin in a proper proceeding the unlawful use of the public waters or the land thereunder including the shore which is a part of the bed, when such unlawful use operates as a special injury to such riparian owner in the use and enjoyment of his riparian lands.

7.   Where the waters of a navigable river are so used as to de-

prive a riparian holder of all access to the river from the land or to the land from the river or so as to injure the benefits and enjoyment of the riparian land or the business thereon, such use may be enjoined.

This case was decided by Division A.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Appellants;

*Maxwell & Reeves,* for Appellee.

WHITFIELD, C. J.—The bill of complaint alleges that the appellant is the holder of certain described lands fronting on, extending to and bounded by a certain navigable river in this State; that complainant is engaged in the business, in and on said river and its shores, of inspecting timber and logs and shipping timber, and in said business employs the use of long stretches of the shore of said river for the purpose of tying logs and timber, in order to handle, boom, preserve and inspect the same; that the defendant is conducting a like business and has, without the permission or license of the complainant, taken and retains possession of all the river front opposite the described lands, and has stretched and stretches along the whole of the said river front and the shores thereof, timbers held by it for booming and inspection, and has thus deprived the complainant of all access to the said river front from the river, and of access to the river from said river front, and of all opportunity of conducting its business by the use of the river and river front and shores mentioned; that defendant asserts that it has a right to use the said river front and shores as long as it may please without the permission or consent of the complainant, and announces that it will con-

VOL. 57, JANUARY TERM, 1909.     401

Ferry Pass I. & S. A. v. Whites R. I. & S. A.—Opinion of Court.

tinue to use them as aforesaid, and to deprive the complainant of access to the river and the shores at and along the said front and shores, and thus injure its business aforesaid. The prayer is that the court may declare that the complainant has the right of access for the conduct of its business aforesaid to the said river front, to the shores of said river from the river, and to the river from the said front and shores, and to use the said front and shores for its said business; and to enjoin and restrain the defendant, its servants, agents and employes, from in anywise hindering, impeding, or preventing such access and use, and for general relief. An answer, in which was incorporated a demurrer, was presented. On hearing the demurrer was sustained and complainant given ten days to amend, in default of which the bill stands dismissed. On appeal the order sustaining the demurrer is assigned as error.

It appears that both the complainant and the defendant were incorporated to do business in and on the stated river and it shores by inspecting and shipping timber and logs floated down the stream on the way to market. This authority does not empower either corporation to engage in an unlawful business or to invade the rights of each other or of any one 'else. The right to engage in the designated business is contingent upon the business being lawfully authorized and lawfully conducted with reference to the rights of all parties affected by the business. See State v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358.

The State by virtue of its sovereignty holds in trust for all the inhabitants of the State the title to the lands under the navigable waters within the State, including the shore or space between high and low water marks. State v. Gerbing, 56 Fla. 603, 47 South. Rep. 353. It is not claimed by either party that the State has in any way

.402        SUPREME COURT OF FLORIDA.

Ferry Pass I. & S. A. v. Whites R. I. & S. A.—Opinion of Court.

granted the rights asserted in this proceeding, even if such a grant may lawfully be made by the State. No question is presented as to the authority of congress in the use of the navigable streams.

Riparian rights are incident to the ownership of lands contiguous to and bordering on navigable waters. The common law rights of riparian owners with reference to the navigable waters are incident to the ownership of the uplands that extend to high water mark. The shore or space between high and low water mark is a part of the bed of navigable waters, the title to which is in the State in trust for the public. If the owner of land has title to high water mark his land borders on the water, since the shore to high water mark is a part of the bed of the waters; that if it is a navigable waterway he has as incident to such title the riparian rights accorded by the common law to such an owner. Mitchell v. Lea Lumber Co., 43 Wash. 195, 86 Pac. Rep. 405, 10 A. & E. Ann. Cases 182; Mobile Dry-Docks Co. v. City of Mobile, 146 Ala. 198, 40 South. Rep. 205, 9 A. & E. Ann. Cases 1228; and authorities cited; State *ex rel.* Denny v. Bridges, 19 Wash. 44, 52 Pac. Rep. 326, 40 L. R. A. 593; and authorities cited; 1 Farnham on Waters, pp. 178 *et seq.;* Yates v. Milwaukee, 10 Wallace 497; 1 A. & E. Ann. Cas. 184 note.

Among the common law rights of those who own land bordering on navigable waters, apart from rights of alluvion and dereliction, are the right of access to the water from the land for navigation and other purposes expressed or implied by law, the right to a reasonable use of the water for domestic purposes, the right to the flow of the water without serious interruption by upper or lower riparian owners or others, the right to have the water kept free from pollution, the right to protect the abutting property from trespass and from injury by the

improper use of the water for navigation or other purposes, the right to prevent obstruction to navigation or an unlawful use of the water or of the shore or bed that specially injures the riparian owner in the use of his property, the right to use the water in common with the public for navigation, fishing and other purposes in which the public has an interest. Subject to the superior rights of the public as to navigation and commerce and to the concurrent rights of the public as to fishing and bathing and the like, a riparian owner may erect upon the bed and shores adjacent to his riparian holdings, bath houses, wharves or other structures to facilitate his business or pleasure; but these privileges are subject to the rights of the public to be enforced by proper public authority or by individuals who are specially and unlawfully injured. Riparian owners have no exclusive right to navigation in or commerce upon a navigable stream opposite the riparian holdings, and have no right to so use the water or land under it as to obstruct or unreasonably impede lawful navigation and commerce by others, as so as to unlawfully burden or monopolize navigation or commerce. The exclusive rights of a riparian owner are such as are necessary for the use and enjoyment of his abutting property and the business lawfully conducted thereon; and these rights may not be so exercised as to injure others in their lawful rights. Rumsey v. New York & New England R. Co., 133 N. Y. 79, 30 N. E. Rep. 654, 15 L. R. A. 618; Lorman v. Benson, 8 Mich. 18, 77 Am. Dec. 435; Case v. Loftus, 14 Sawy. 213, 39 Fed. Rep. 730, 5 L. R. A. 684; Hartman v. Tresise, 36 Colo. 146, 84 Pac. Rep. 685, 4 L. R. A. (N. S.) 872; State v. Black River Phosphate Co., 32 Fla. 82, 13 South. Rep. 640, 21 L. R. A. 189. The rights conferred upon riparian owners by the act of 1856, sections 643, 644 General Statutes are not involved in this proceeding. See Waverly Water Front

Imp. & Dev. Co. v. White, 97 Va. 176, 33 S. E. Rep. 534, 45 L. R. A. 227.

The rights of the public in navigable streams for purposes of navigation are to use the waters and the shores to high water mark in a proper manner for transporting persons and property thereon subject to controlling provisions and principles of law. The right of navigation should be so used and enjoyed as not to infringe upon the lawful rights of others. All inhabitants of the State have concurrent rights to navigate and to transport property in the public waters of the State. As to mere navigation in and commerce upon the public waters, riparian owners as such have no rights superior to other inhabitants of the State. A riparian owner may use the navigable waters and the lands thereunder opposite his land for purposes of navigation and of conducting commerce or business thereon, but such right is only concurrent with that of other inhabitants of the State and must be exercised subject to the rights of others. See 1 Farnham on Waters, page 131 et seq. The right of access to the waters from the riparian lands may in general be exclusive in the owner of such lands, but as to the use of the navigable waters and the lands thereunder including the shore, the rights of riparian owners and of others of the public are concurrent, and subject to applicable rules of law. A riparian owner has a right to enjoin in a proper proceeding the unlawful use of the public waters or the land thereunder including the shore which is a part of the bed, when such unlawful use operates as a special injury to such riparian owner in the use and enjoyment of his riparian lands. Lyon v. Wardens, &c., of Fishmonger's Co., &c., 1 L. R. App. Cases, 662; 1 Farnham on Waters, Secs. 27, 32, 34, 79, 113 et seq.; 24 Am. & Eng. Enc. Law (2nd ed.) 979; 25 Cyc. 1568. In the absence of a valid statute providing otherwise, the

injury must relate to riparian lands or business conduct-
ed thereon and not to business conducted on the waters
by virtue only of the right of navigation.    It is not
essential that the unlawful use of the waters or the land
thereunder be in actual contact with the lands of the ripar-
ian owner, if the lawful use and enjoyment of the ripar-
ian holdings are in fact appreciably injured as the prox-
imate result of such unlawful use of the water or the
lands thereunder.    See White River Log & Booming
Co. v. Nelson, 45 Mich. 578, 8 N. W. Rep. 587, 909;
French v. Connecticut River Lumber Co., 145 Mass.
261, 14 N. E. Rep. 113.  In the absence of a valid grant
from the State no riparian owner or other person has an
exclusive right to do business upon public waters of the
State whether such waters are in front of the land of the
riparian owner or not.    As the shore or space between
high and low water marks is a part of the bed of the
navigable waters, one who holds to high water mark is
a riparian owner, and as such has common law riparian
rights as incidents to his title to the abutting lands.

While the complainant and the defendant in common
with all other inhabitants of the State have a right to
use the waters of the navigable streams and the lands
thereunder including the shore or space between high and
low water mark for purposes of navigation and the trans-
portation of logs thereover, neither the complainant nor
the defendant has such right to the exclusion of its law-
ful exercise by the other or by any other inhabitant of
the State.    If the defendant in fact so uses the water
or the land thereunder including the shore, as to deprive
the complainant of all access to the river from its lands
or to its lands from the river or to injure the complainant
in the use and enjoyment of his riparian land or the bus-
iness thereon, the defendant may be enjoined from a
continuance of such wrong; but the complainant has no

exclusive right to use the waters or shore for its business. If the defendant obstructs the mere right of navigation with no special injury to the complainant's riparian property the remedy is by public officials. The prayer of the bill of complaint appears to contemplate the enforcement of an exclusive right of the complainant to the use of the waters and shore opposite its land for the conduct of its business; and as the complainant has no such exclusive right, the particular and entire relief as prayed should not be granted. There may, however, under the allegations of the bill of complaint be properly granted some relief against a total exclusion of the riparian owner from access to his lands, and the demurrer should not have been sustained. See San Francisco Sav. Union v. R. G. R. Petroleum & Mining Co., 144 Cal. 134, 77 Pac. Rep. 823, 1 A. & E. Ann. Cases 231 and authorities cited; Middleton v. Flat River Booming Co., 27 Mich. 533; McClosky v. Pacific Coast Co., 160 Fed. Rep. 794; Columbia Canning Co. v. Hampton, 161 Fed. Rep. 60. Any further proceedings should be in accordance with the principles herein stated.

The decree is reversed and the cause is remanded.

SHACKLEFORD and COCKRELL, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.