JESSE L. WILLIAMS, *Plaintiff in Error*, v. EUNICE A. GUTHRIE, et al., *Defendants in Error*.

137 So. 682.

Division B.

Opinion filed September 29, 1931.

Petition for rehearing denied November 13, 1931.

1048

*Dewey A. Dye,* of Bradenton, for Plaintiff in Error;
*John B. Singeltary,* of Bradenton, for Defendants in Error.

DAVIS, J.—This suit in the court below was an action in ejectment brought by the defendants in error as plaintiffs against the plaintiff in error as defendant, for the recovery of possession of a certain dock or pier in the City of Cortez, a small fishing village in Manatee County. The dock or pier, with all buildings attached thereto, was in possession of Williams and was described in the declaration as "That certain dock or pier in the City of Cortez in the County of Manatee and State of Florida, together with all buildings attached thereto, occupied and used by the defendant, which said dock or pier is further particularly described as, begin at a point two hundred and five (205) feet South and four (4) feet West of the Northeast corner of lot No. 10 of a subdivision of Lot 12 of the Subdivision of Lots 11 and 12 in U. S. Lot 3, Section 3, Tp.

35 S. R. 16 East, E. B. Camp's Survey Sept. 1887 as appears of record in Plat Book 1 at page 181 of the public records of Manatee County, Florida, such place of beginning being the east edge of said dock or pier at the South boundary line of lot formerly owned by M. F. Brown, thence run South 67 Feet; thence South 10 degrees 30 minutes West 96.3 feet; thence North 79 degrees 30 minutes West 36 feet; thence North 10 degrees 30 minutes East 31 feet; thence South 79 degrees 30 minutes East 30 feet; thence North 10 degrees 30 minutes East 65.3 feet; thence North 67 feet; thence East 10 feet to place of beginning.''

A trial was had before the Circuit Judge without a jury and the result was a finding and judgment against Williams, the plaintiff in error, and in favor of the Guthrie heirs, defendants in error. The Guthrie heirs were the plaintiffs in the court below. The plea of Williams was not guilty.

The case seems to have been tried by the Circuit Court on the theory that the only issue was as to who had the better title to the dock standing on the submerged lands of the bay as described in the declaration,—the heirs of James E. Guthrie or the defendant in that court, Jesse L. Williams.

Dealing with the question in that aspect, it was conceded by all parties involved that as between the plaintiff and the defendant the question of who had the better title would primarily be determined by a proper construction of the provisions, and a correct determination of the legal effect, of a deed dated December 7, 1912, which had been made by one James E. Guthrie to a grantee named Brown. Both parties trace their title to a common source—James E. Guthrie, the grantor in the deed just mentioned.

It is admitted by plaintiff in error that if the deed in question from Guthrie to Brown conveyed to Brown only such land as was included within the metes and bounds of the deed, and vested in him such interest or privileges only

in the dock as was expressly set forth in that deed, that then at Guthrie's death the dock and submerged lands on which it stood went to Guthrie's heirs, subject only to certain other privileges which had been granted Brown. On the other hand, if a proper construction of said deed is that it was a conveyance not only of the lands embraced within the calls of the deed, but also carried title to the submerged lands lying in front thereof to the channel of the bay (taking it for granted that such submerged land followed the specifically granted title to the upland as an appurtenance thereto), then Williams had a better title, and the judgment should have been for the defendant in ejectment instead of for the plaintiff in the lower court.

The Circuit Judge in rendering his judgment in favor of the Guthrie heirs found that the grant of the use of the wharf built, or to be built, as set forth in a certain covenant contained in the deed from Guthrie to Brown, coupled with the subsequent dealings between the parties and the defendant Williams in relation thereto as shown by the evidence, demonstrated a clear intent by the grantor in said deed to reserve the fee in the land and property described in plaintiffs were entitled to recover the possession of same in fee simple, together with mesne profits in the amount of $270.00.

If the issues in the cause being tried were limited merely to a determination of the question as to who showed the better title inter sese to the dock standing on the submerged lands of the bay,—the heirs of James E. Guthrie or the defendant Jesse L. Williams, under the deed and transactions appearing in evidence, we would be inclined to affirm the holding of the Circuit Judge as being correct with regard to that issue.

But the issues in ejectment case like this are not so limited. The rule is that in an ejectment suit the plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary's. Skinner Mfg.

Co. vs. Wright, 56 Fla. 561, 47 So. 931. A present right of possession is necessary to recover in ejectment. Demps v. Hogan, 57 Fla. 60, 48 Sou. 998; Rose v. Withers, 39 Fla. 460, 22 So. 724; Barco v. Fennell, 24 Fla. 378, 5 So. 9. The plaintiff cannot recover even against one without title unless he shows title or prior possession, coupled with a present right of possession. Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42; Clark v. Cochrain, 79 Fla. 788, 85 So. 250; Winn v. Coggins, 53 Fla. 327, 42 So. 897.

It has also been held in this State that private parties cannot by ejectment recover possession of lands under navigable waters when such parties have no legal title to or right to use the land, and even when the title is in private parties a recovery of possession is subject to the rights of the public in the waters. Bass v. Ramos, 58 Fla. 161, 50 So. 945; 138 Am. St. Rep. 105. See also State v. Gerbing, 56 Fla. 603, 47 So. 352.

It is established by the evidence in this case, and seems to be conceded by the parties here without dispute, that the particular dock or pier in controversy is built upon the submerged bottom of Sarasota Bay.

In Brickell v. Trammell, 77 Fla. 544, 82 So. 221, it was held that even if in this State lands below high water mark may be the subject of ownership by private parties, such a right would be such an unusual and extraordinary one that it should be particularly shown and claimed when sought to be made available in a suit. With regard to the present case, it is sufficient to say that the dock in question is shown to be located on lands below high water mark on the navigable tide waters of Sarasota Bay and that no title or any unusual or extraordinary right in either of the parties to this suit has been shown in the pleadings or by the evidence. See Ferry Pass Inspectors & Shippers Assoc. v. White River Inspectors & Shippers Assoc.. 57 Fla. 399, 48 So. 643.

The dock for which recovery is sought appears to fall

within the category of what is known in the law as a "pur-presture". A "purpresture", or more properly speaking "porpresture", is an invasion of the right of property in the soil while the same remains in the king or sovereign. Town of Brookhaven v. Smith, 80 N. E. 665, 188 N. Y. 74, 9 L. R. A. (N. S.) 326; Shively v. Bowlby, 152 U. S. 1, 38 L. Ed. 331, 14 Sup. Ct. 548. It exists when anything is un-justly encroached upon against the king or the sovereign, as in the royal demesnes or in obstructing public ways or in turning public waters from their right course, or when any one has built an edifice in the city on the king's street. City of Montpelier v. McMahon, 81 Atl. 977, 85 Vt. 275.

A building or wharf erected upon lands without license, below high water mark, is a "purpresture" and may, at the suit of the king or the State, either be demolished, or be seized and rented for the sovereign's benefit, if not a nui-sance to navigation. Such was the common law. San Fran-cisco Sav. Union Co. v. R. G. R. Petroleum & Min. Co., 77 Pac. 823, 144 Calif. 144, 66 L. R. A. 242, 103 Am. St. Rep. 72; 1 Ann. Cas. 182. This is true, though it be conceded that in this State riparian owners have the riparian right to construct wharves from the upland to reach the navi-gable water, when not objected to by the sovereign or spe-cially forbidden by statute.

Any erection on tide lands without license is deemed an encroachment upon the property of the sovereign, or as it is termed in the language of the law, a "purpresture", which the sovereign may remove at pleasure, whether it tends to obstruct navigation or otherwise. Gray's Harbor Boom v. Lownsdale, 104 Pac. 267, 54 Wash. 83; Weber v. State Harbor Commissioners, 85 U. S. 65, 21 L. Ed. 798.

It appearing that plaintiff in the ejectment suit could only recover on the strength of his own title and not on the weakness of his adversary's and that the recovery sought was for what is in law denominated as "purpresture" for recovery of which no suit in ejectment will lie at the in-

stance of a private suitor, although other remedies may be available to protect rights in buildings or structures which have been erected in connection with docks or wharves by a riparian proprietor, it follows that the court below erred in entering the judgment from which writ of error was taken and in awarding damages in the sum of $270.00 for mesne profits of the lands for which recovery was allowed.

Such judgment should therefore be reversed and the cause remanded with instructions to dismiss the proceeding in ejectment without prejudice to any right of action which either party may have with reference to contractual obligations contained in instruments of conveyance inuring to the benefit of either of the parties.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BROWN, J., (Concurring) :—While the title to land below high water mark on navigable waters is in the State, I am inclined to the view that a riparian proprietor, holding title to high water mark is vested with the right, in the absence of any statute to the contrary, to wharf out so as to reach the navigable portion of the stream or body of water, subject to police regulations by the State. And in cases where the public good requires it, the construction of wharves or piers may be entirely forbidden, or removed, by the State. Each riparian owner must exercise his right to wharf out in front of his property in such a way as not to impair the equal rights of his neighbors. See in this connection: Farnham on Waters, sections 43, 62, 113-b, 113-c, and 873; Geigor v. Filor, 8 Fla. 325; Alden v. Penney, 12 Fla. 348; Prior v. Swartz, 18 L. R. A. 668; Hanford v. St. Paul & Duluth R. Co., 44 N. W. 1144, 7 L. R. A. 722; Yates v. Milwaukee, 10 Wall. 497; Miller v. Mendenhall, 44 N. W. 1141; Hastings v. Grimshaw (Mass.) ; 12 L. R. A. 617; Bradshaw v. Duluth Mill Co., 53 N. W. 1066;

R. R. Co. v. Schurmier, 7 Wall. 272; Parke v. West Coast Packing Co., 5 L. R. A. 61, and note; Ferry Pass Inspector's Association v. White River Association, 57 Fla. 399. But the doctrine above alluded to does not change the title to the submerged lands below high water mark of navigable waters, which remains in the State. With this modification, I otherwise concur in the opinion of MR. JUSTICE DAVIS, and the conclusion reached.

ON PETITION FOR A REHEARING.

PER CURIAM.—Chapter 8537, Acts of 1921 (Secs. 1774-1784 C. G. L.) was not over-looked by the Court in disposing of this case by reversing the judgment with directions to dismiss the ejectment suit because the lands described, with the dock or pier thereon, being submerged tidal lands with a purpresture, were not recoverable in the action.

The dock for which recovery was sought was not essentially such a permanent improvement of the character required by the Riparian Right Acts as to vest title in the riparian proprietor, nor was it alleged in the pleadings or proved as such by the evidence. To vest *title* to submerged lands in the riparian proprietor under the Act, the submerged lands to which title is asserted must have been actually bulk-headed or filled in, or *permanently improved* continuously from high water mark in the direction of the channel, or as near in the direction of the channel as practicable to equitably distribute the submerged lands.

There is nothing in the declaration by way of allegation, nor is there anything in the description of the lands as described in the declaration, which brings the dock, pier or lands sued for, within the scope and purview of the 1921 statute, which is asserted by the petition for a rehearing to have been overlooked in its application to this case.

When title to submerged lands is asserted to rest in private ownership and not in the state, in which such title would otherwise be presumed to be vested, it is incumbent

upon the pleader in a suit at law or in equity involving such lands and seeking relief with respect to them, to allege in his pleading sufficient facts to negative the presumptive title of the state, and to show that title to such lands has become vested in private ownership by virtue of the statutory provisions under which such vesting is provided for. See Brickell vs. Trammell, 77 Fla. 554, 82 Sou. Rep. 221.

There is nothing in the declaration in this case to comply with the foregoing rule, which is in harmony with and supported by the same reasoning as the rule of similar import which was declared in Brickell vs. Trammell, supra. Furthermore, when it appears that the rights of the state in lands sued for are involved, and the state is not a party before the court, it is the duty of the courts to take notice of the rights of the state and make appropriate orders to preserve such rights from impairment, even though none of the parties to the cause raise such questions, nor make any objections with respect to the state's rights involved.

Private parties asserting that a title has been acquired against the state under the provisions of the riparian rights acts of this state, are required to plead and prove that the rights of the state have been lawfully divested under the statutes, or the courts will be without jurisdiction to deal with and adjudge title or rights of possession in submerged lands, which are otherwise presumed to remain in the state, even in suits wholly between private parties with respect thereto.

From what has been said it follows that the petition for a rehearing must be denied and it is so ordered.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.