BERANEK, Judge.
This appeal questions a final judgment denying appellants/plaintiffs’ petition for ejectment of defendant/appellee from certain real property known as the “Two Georges Restaurant.” We reverse. The parties and the real estate in the ejectment suit also were involved in a separate dissolution of marriage proceeding and a separate suit for removal of trustees. The latter suit is also pending before this Court on appeal in Case No. 78-310, in which an affirmance has this day been issued.
The necessary facts to this matter are that George Culver, Sr., died owning the “Two Georges property” which was placed in a testamentary trust. The beneficiaries of the trust were the deceased’s son, George C. Culver, Jr., and his two children. The will creating the trust expressly provided that in “no event shall Lori Culver, the present wife of my son, George W. Culver, Jr., be entitled to receive any portion of the *42 corpus or income or benefit of the trust.” Despite this trust provision, the property was jointly occupied by George Culver and his wife, Lori Culver, who operated it as a successful restaurant. In 1975 the Culvers experienced marital problems and separated. At that time Lori Culver took over exclusive possession and control of the property. The marriage was eventually dissolved in February, 1977; however, questions of child support and alimony were reserved and had not been decided as of June 2, 1977, when the ejectment action involved in this appeal was concluded in Lori Culver’s favor. Apparently, the parties had not pressed for final disposition of the alimony and child support issues in the dissolution proceedings.
The ejectment action herein was brought by the trustees under the will who sought to eject Lori Culver from the premises. Lori Culver resisted ejectment although she did not claim legal title to the property. An order in the dissolution of marriage proceeding had enjoined George Culver from interfering with Lori Culver’s operation of the business on the property during the pendency of the dissolution action. George Culver did not join as a party plaintiff in the ejectment action despite the fact that he was one of the named trustees.
The final order in the ejectment suit was entered June 2, 1977. This order denies the trustees’ petition for ejectment and finds that defendant, Lori Culver, is entitled to possession of the property. No limitations were placed on this possession and no mention was made of the provision in the will prohibiting Lori Culver from receiving any benefit from the trust or corpus.
Clearly, the simultaneous pendency of the three unconsolidated suits for (1) ejectment; (2) dissolution of marriage, alimony and child support, and (3) removal of trustees has served to confuse and delay disposition of the basic issues between the parties. On remand, we suggest consolidation.
The narrow issue presented here on appeal is whether the trial court erred in denying the trustees’ petition for ejectment and making the affirmative finding that Lori Culver had the right to unlimited possession.
To prevail in an action for ejectment, a party must demonstrate both legal title and a present right to possession of the property, Blitch v. Sapp, 142 Fla. 166, 194 So. 328 (1940), and Williams v. Guthrie, 102 Fla. 1047, 137 So. 682 (1931). Here plaintiffs established legal title to the property by the unobjected to admission of a warranty deed and an administrator’s deed. A right to immediate possession of the property was established by both the documents and the uncontroverted testimony.
It thus seems that if the trustees are denied possession of the property, it must be based on the affirmative defenses of appellee. These affirmative defenses were alleged failure to join an indispensable party and laches and estoppel. We find no competent evidence to sustain these affirmative defenses. George Culver was not joined as a party plaintiff, but he had been enjoined by the trial court in the dissolution action from interfering with Lori Culver’s possession of the property. Further, Section 737.404, Florida Statutes (1977), provides that any power vested in three or more trustees may be exercised by a majority of them. Section 737.402(z) gives trustees the power to prosecute actions for the protection of the trust assets. We thus hold that the absence of George Culver as a party plaintiff/trustee under the particular circumstances presented here was not a bar to the action.
Laches and estoppel were also asserted as affirmative defenses but there is no finding by the trial court in this regard nor is there evidence which would support such a defense.
We conclude that the evidence entitled appellants to the remedy sought and did not support affirmative defenses of appellee. Thus, the judgment is reversed and the award of possession to Lori Culver is vacated. This ruling does not affect the eventual disposition of George Culver’s interest, if any, in the subject property which may be the subject of claims still pending between *43 the parties in the dissolution of marriage action.
The judgment below is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED with directions.
LETTS, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.