## PAUL v CITY OF MIAMI BEACH
### Case No. 87-080 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
October 30, 1987

### APPEARANCES OF COUNSEL

**Stuart L. Simon** for petitioner.

**Arnold M. Weiner** for the city of Miami Beach.

**Joseph Z. Fleming,** pro se, and **Joseph Z. Fleming, P.A.,** for respondent, Joseph Z. Fleming.

Before TENDRICH, GREENBAUM, KORNBLUM, JJ.

### OPINION OF THE COURT

Petitioner, David Paul owns three contiguous parcels of land on a

residential island on Miami Bech. In 1984, Petitioner applied for and received a variance to construct a dock beyond the city's 40 foot limit to moor his 97 foot yacht. The pilings for the dock extend 76 feet beyond the sea wall into Biscayne Bay. In 1987, Petitioner wanted to build another dock with the exact specifications of the existing dock on an adjacent parcel of land. This lot is the subject of the subsequent variance application and this action. After the Miami Beach City Commission denied the application for variance, Mr. Paul filed the instant Petition for Writ of Certiorari.

It is widely accepted that riparian rights can be regulated as long as the action is reasonable. *Ferry Pass Inspector's and Shipper's Association v. White's River Inspector's and Shipper Association,* 57 Fla. 399, 48 So. 643 (Fla. 1909). Petitioner Paul is not complaining, however, of the city's authority to regulate, indeed, he enjoyed the fruits of such prior governmental regulation with the construction of his first dock. Rather, Petitioner contends that the city's denial of the 1987 variance was arbitrary and capricious. We do not agree.

The basis for the City Commission's denial was admittedly aesthetics. There is ample authority that the city's concern for aesthetics is valid consideration in denying the application. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed 2d 797 (1974).

In this case such consideration has even more validity considering the manner in which the residents of LaGorce Island have developed and maintained it.

This Court is unable to say that the Miami Beach City Commission's granting of one and denial of another variance application constitutes a denial of equal protection of the law. Petitioner cites no authority to support this contention.

The purpose of the dock was to moor Petitioner's vessel. The existing dock satisfies Petitioner's needs and therefore he has not been denied equal protection.

Petition DENIED.

TENDRICH, J., Dissents:

I respectfully dissent from the majority decision. I find that the action of the City of Miami Beach to be arbitrary and capricious. There is no logical basis upon which to conclude that this variance should not have been granted.