## COFER vs. BROOKS.

In an action of ejectment it is competent for the defendant, under the plea of limitation, to introduce in evidence a tax deed, though the recitals of the deed fail to show a regular and valid tax sale, and the deed is void, in connection with evidence of his actual and continuous possession of the land for the full period of limitation, to defeat the action of the plaintiff. (*Elliot et al. vs. Pearce, ante.*)

*Appeal from the Circuit Court of Phillips county.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

The *collector* of taxes, in everything connected with his duties, as such, is considered as acting under a *special authority; and* all his acts, materially affecting the rights of parties, and in order to divest the title to real property, without the owner's consent, *must be strictly conformable to law*, and to the *statute* prescribing his *duties*, and the acts to be done. See 14 *Pet. R.* 328, *Gaines et al. vs. Stiles et al.;* 4 *McLean's C. C. R.* 219, *Mayhew vs. Davis;* 2 *Barb. S. C. Rep.* 114, *Varick vs. Tallman;* 4 *Cond. Rep.* 396; 13 *Ark. Rep.* 250, *et seq.;* 1 *Scam. Rep.* 325, *Smith vs. Hileman;* 4 *Pet. Rep,* 359, *Ronkendorff vs. Taylor;* 15 *Ark. Rep.* 338, *et seq., Merrick et al. vs. Hutt;* 15 *Ark. Rep.* 365, *et seq., Patrick vs. Davis;* 2 *Green's Iowa Rep.* 304, *Fitch vs. Casey;* 11 *Illinois Rep.* 437, 441, *Graves vs. Bruen et al.;* 6 *Mo. Rep.* 74, *Morton vs. The Reeds;* 9 *Barb. S. C. Rep.* 411, *Leggett vs. Rogers;* 4 *Scam. Rep.* 370, *Swigart vs. Harber.*

Under our statute, as under others, making such deeds *prima facie* evidence, the deed should recite, *in detail*, the *performance* of all the *material* facts *necessary* to constitute a *valid* sale. 9 *Mo. Rep.* 76, *et seq.;* 13 *Ark. Rep.* 251.

And, a *material* want of *compliance* with the requirements of the law, in a vital matter, *appearing* on the *face* of the deed, (as is the case with both of these,) renders the deed *void*. See 1 *Carter (Ind.) Rep.* 544, *Doe, etc., vs. Flagler;* 11 *How. U. S. Rep.* 425; 9 *Mo. Rep.* 885; 15 *Ohio Rep.* 144, *etc., Hannell vs. Smith;* 1 *Munf. Rep.* 430, *et s*

And, these deeds, each being clearly VOID UPON ITS FACE, as collector's deeds, under a tax sale, CANNOT afford any protection whatever under the FIVE YEARS special STATUTE OF LIMITATIONS— both upon principle and authority. See 4 *McLean's C. C. R.* 112, *Moore vs. Brown;* 11 *How. U. S. Rep.* 424, *same case;* 8 *Pet. Rep,* 250, *Gregg vs. Sayre's Lessee;* 13 *How. U. S. Rep.* 478.

These deeds are void for the UNCERTAINTY of *description* which CLEARLY appears upon their FACE; and also *void*, because *no power* to sell appears therein, as above fully shown, by an un-

broken array of authorities. And the Supreme Court of the United States says, "the mode of determining that is to test the deed by making a reference to *the authority recited in it* for making the sale, in connection with the act giving the Auditor the power to sell," etc. 11 *How. U. S. Rep.* 425. See, also, 13 *Ark. Rep.* 250, etc. *Hogins vs. Brashears;* 15 *ib.* 338, *et seq.;* 368 *et seq.;* 2 *Green Iowa Rep.* 364; 4 *McLean C. C. R.* 494..

And the decision in 11 *Howard* is clearly not overruled by the case of *Pillow vs. Roberts,* in 13 Howard's Rep. Because the cases are clearly different, and they were so understood by the court in those cases. In the case of *Pillow vs. Roberts*, such irregularities as were objected to did not arise, as it seems, ON THE FACE OF THE DEED; but in that of *Brown vs. Moore*, in 11 Howard, the objection appeared ON THE FACE OF THE DEEDS AS IT DOES IN THIS CASE, and being *void* on that account, it affords no protection under the special statute of five years. See those cases; and especially, 13 *How. U. S. Rep.* 478.

WATKINS & GALLAGHER, for the appellee.

In our view, there are but two points to be established, to bring this case within the statute bar.

1st. A sale by any collector of the revenue for non-payment of taxes.

2d. That the date of the sale was more than five years anterior to the commencement of this suit.

Even if the collector's deed is void, and no title to the land passed by it, the sale for taxes was proved to have been made, and possession taken under that sale more than five years before suit brought; and the sale, with the possession, have ripened into a title, which the demandant is prohibited by law from disturbing. The rule is: " Whether a tax deed be void or voidable, it is good color of title to let in the statute of limitations.' 1 *Watts & Serg.* 505; *Pillow vs. Roberts,* 13 *How.* 472, affirmed in every particular in the case of *Mattison vs. Wright,* 18 *How.*

50; *Humbert vs. Trinity Church*, 24 *Wend*. 611; 7 *Hill* 488; 18 *John. R.* 355; *Herrick vs. Doe*, 4 *Porter (Ind.) R.* 164.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 15th of December, 1855, Cofer brought an action of ejectment against Brooks, in the Phillips Circuit Court, for the possession of the *North-east quarter of section* 10, *township* 1 *north, range* 3 *east.*

The plaintiff was defeated in the action, and appealed to this Court, upon exceptions taken at the trial.

The defendant, among other pleas, which it is not necessary to notice, pleaded the statute of limitations of five years. (*Eng. Dig., ch.* 99, *sec.* 6, *p.* 696.)

On the trial the plaintiff proved that the land was patented to him 16th May, 1821, and closed.

Against the objection of the plaintiff, the Court permitted the defendant to read in evidence two tax deeds executed to him by the sheriff of Phillips county, 25th November, 1850.

The first deed shows, in substance, that the land in dispute was assessed by the sheriff, etc., of Phillips county, for the year 1844, in the name of Leland J. Bradley; that the taxes were not paid, and for want of personal property, etc., the land was regularly advertised, and on the 4th of November, 1844, offered for sale, at the court-house door, etc.; and that Brooks became the purchaser of *thirty acres* thereof for the taxes, etc., received the collector's certificate therefor; and that after the expiration of the time allowed for redemption, the deed was executed, etc.

The second deed shows that the residue of the tract, 130 acres, was assessed to Bradley for the year 1845, and on default of payment of the taxes, and for want of personal property, etc., was advertised, etc., and sold on the 5th of November, 1845, at the court house, etc., and purchased by Brooks, who obtained the collector's certificate therefor, and after the expiration of the time allowed for redemption, the deed, etc.

The defendant, Brooks, also proved that he was in the possession of the tract of land in controversy, about the 1st of

April, 1846, with his family, residing on it, clearing the land, and preparing to raise a crop that year; and remained thereon, improving and cultivating the same continually, until about the time of the institution of this suit, when he sold the land and removed from it.

The defendant also proved that he had paid the taxes on the land from the year 1845 to the time of the trial, etc.

1. It is insisted for the appellant that the court below erred in admitting the tax deeds offered in evidence by the appellee, because they failed to show regular and valid tax sales, and were void, etc.

Without discussing the numerous objections made to the deeds, most of which are verbal criticisms, it may be conceded, for the purposes of this case, that their recitals fail to show regular and valid tax sales, and that the deeds are void; yet it was competent for the appellee to introduce them, in connection with the evidence of his actual and continuous possession of the land for the full period of limitation, to defeat the action of the appellant, as held in *Elliott et al. vs. Pearce,* at the present term.

It is true, as stated by the counsel for appellant, that in *Moore vs. Brown,* 14 *McLean's R.* 211, Judge *McLean* held that a tax deed void upon its face could not avail a person who sets up a defence under the statute of limitations of Illinois.

And this decision was sustained by a majority of the Judges of the Supreme Court of the United States, (*S. C.* 11 *How.* 414), Chief Justice TANEY, Mr. Justice CATRON, and Mr. Justice GRIER, dissenting. But in *Pillow vs. Roberts,* 13 *How.* 472, it was held that the decision referred to was based upon a construction of the statute of Illinois, and that under our statute, tax deeds, even if irregular and worthless, are admissible in evidence, in connection with proof of possession, in order to establish a defence.

We think, as was well said by Chief Justice TANEY, in *Moore vs. Brown et al.,* 11 *How.* 427, that a person having a good and valid tax title, needs not the protection of the statute of limitations;

and that the object of the statute was to protect purchasers at tax sales against errors and mistakes of officers, etc.

2. Nor did the court below err in refusing the instructions moved by the appellant, because they all, in one form or another, refer to supposed irregularities in the tax titles of the appellee, and assume the law to be, that if the irregularities existed, the titles were of no avail, etc.

The possession of the appellee, under his purchases at the tax sales, for more than five years, was sufficient, under the act of limitation, to defeat the action of the appellant.

Finding no error in the record, of which the appellant has the right to complain, the judgment of the court below must be affirmed.