FLORIDA FINANCE COMPANY, A CORPORATION, FOR USE OF FRED. W. HAWARD, *Plaintiff in Error v.* J. M. SHEFFIELD, *Defendant in Error.*

1. A plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's.

He cannot recover as against one without title unless he prove title or prior possession.

2. A plaintiff in ejectment cannot recover merely on the strength of a deed to himself, without showing that his grantor had a *prima facie* right to recover, and a mere deed unaccompanied by evidence of the grantor's seizin is not prima facie evidence of the grantor's title. He must trace his title back to the ultimate source of title or to a grantor in possession at or near the time of his grant.

3. Certified copies of deeds should not be admitted in evidence until the party offering them makes it to appear that the original deeds were not within his custody or control.

4. Where the defendant in an action of ejectment, or those under whom he claims, goes into actual possession of land purchased at tax sale under a tax deed regular on its face, but based upon a void assessment, such actual possession for the period of four years, prescribed by Section 591 of the General Statutes, prior to the bringing of the action will bar the suit.

This case was decided by Division B.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*H. J. McCall,* for plaintiff in error.

*Hendry & McKinnon,* for defendant in error.

PARKHILL, J.—On the first day of January, 1908, the plaintiff in error instituted an action of ejectment against the defendant in error in the Circuit Court for Taylor county, to recover the N. E. 1-4 of N. W. 1-4 and S. W. 1-4 of N. W. 1-4 of section 35, tp. 2 south, range 6 east,

containing eighty acres, and mesne profits.  The defendant pleaded the general issue.  On the 24th day of March, 1908, a trial was had and the jury rendered a verdict for the plaintiff, being directed by the court so to do.  Upon motion of defendant, the court granted a new trial, and the plaintiff sued out a writ of error, as authorized by section 1695 of the General Statutes of 1906.

The motion for new trial is as follows:  "Now comes the defendant in the above stated cause by his attorneys and moves the court to set aside the verdict in said cause and to grant him a new trial therein upon the following grounds, to-wit:

1st.  Because said verdict is contrary to law.

2nd.  Because said verdict is contrary to the evidence.

3rd.  Because the court erred in admitting in evidence over the defendant's objection certified copy of deed from Jno. Alexander Graham to J. W. Lyman, dated June 9th, 1890.

4th.  Because the court erred in admitting in evidence certified copy of deed dated Jan. 26th, 1901, from J. W. Lyman to G. S. Van Buskirk, over the objection of the defendant.

5th.  Because the court erred in admitting in evidence over the defendant's objection final decree of foreclosure dated 11th day of August, A. D. 1898, and signed by John W. Malone, Judge.

6th.  The court erred in admitting in evidence over the objection of the defendant masters deed from T. M. Puleston to Florida Finance Co.

7th.  The court erred in admitting in evidence certain transcripts of the tax records.

8th.  The court erred in instructing the jury that it was their duty to return a verdict for the plaintiff in so far as the ownership and right of possession of the land in dispute was concerned.

9th.   And for other good and sufficient reasons."

There was an entire failure in this case to prove plaintiff's title.   The plaintiff deraigned its title from John A. Graham, and introduced in evidence, over defendant's objection, a deed from Graham to Lyman, dated June 9th, 1890, another deed from Lyman to Van Buskirk, and a deed from Puleston, as master in chancery in foreclosure proceedings against Van Buskirk and others to the plaintiff.   There was no evidence to show what right Graham had to convey the land, and the evidence did not show that plaintiff's grantors ever had possession of the land.   The evidence tended to show possession in the defendant and those under whom he claimed.

A plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's.   He cannot recover as against one without title unless he prove title or prior possession.   Burt v. Florida Southern R. Co., 43 Fla. 339, 31 South. Rep. 765.   The plaintiff cannot recover merely on the strength of a deed to himself, without showing that his grantor had a *prima facie* right to recover, and a mere deed unaccompanied by evidence of the grantor's seizin is not *prima facie* evidence of the grantor's title.   He must trace his title back to the ultimate source of title, or to a grantor in possession at or near the time of his grant. Lake v. Hancock, 38 Fla. 53, 20 South. Rep. 811; Dubois v. Holmes, 20 Fla. 834; Florida Southern R. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581.

The certified copies of the deeds from Graham to Lyman, and from Lyman to Van Buskirk should not have been admitted in evidence until the plaintiff made it to appear that the original deeds were not within its custody or control.   Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868; Johnson v. Drew, 34 Fla. 130, 15 South Rep. 780.

The defendant relied upon a tax deed to W. G. Sheffield, of May 12th, 1902, and on mesne conveyances from Sheffield, and on actual possession of the land by himself and those under whom he claimed for more than four years before this suit was brought. Section 591, of the General Statutes provides: "When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit shall be commenced within four years after the purchaser at such tax sale goes into possession of the land so bought."

The plaintiff introduced evidence tending to show that the tax deed was void because the assessment of the land was void, and claims that the foregoing statute of limitations does not apply for that reason.

Even though the tax deed be void because the assessment of the land was void, if the defendant or those under whom he claims went into actual possession of the land purchased at the tax sale, such actual possession for the statutory period prior to the origin of this suit will bar this suit. The court properly granted a new trial because of his error in striking the tax deed and withdrawing it from the consideration of the jury.

The tax deed under which the defendant claims is not void on its face. It gives the name of the grantee, the number of the tax certificate, the date of the tax sale for unpaid taxes for a stated year, the name in which the property was assessed, the amount paid for the certificates, a description of the land, besides the other recitals prescribed by the statute, and the execution thereof is in the prescribed form. Cowan v. Skinner, 52 Fla. 486, 42 South. Rep. 730.

Section 591 of the General Statutes is a statute of limitations and begins to run, not from the date of sale nor from the recordation of the tax deed, but from the time actual possession of the land is taken under the deed.

In considering the provisions of a similar statute, the Supreme Court of Arkansas had this to say: "But it does not follow, because the sale was without notice and void that the plaintiff can now recover * * * . It has never been seriously doubted that, in cases where the purchaser at a sale of land for the non-payment of taxes takes actual possession of the land purchased, under a proper deed conveying said land to him, the legislature may prescribe a period of limitation after the expiration of which the title of the original owner is barred. By the adverse possession of the purchaser the owner is excluded from the possession of his premises, and notified that an adverse claimant, hostile to his interests, holds the land. Public policy no less than justice to the tax purchaser, requires that he should bring his suit within a reasonable time, in order that all contested questions may be put at rest while the facts are recent and susceptible of proof. Cooper v. Lee, 59 Ark. 460, 27 S. W. Rep. 970; see also, Cofer v. Brooks, 20 Ark. 542.

In Pillow v. Roberts, 13 How. (U. S.) 472, the Supreme Court of the United States said: "In order to entitle the defendant to set up the bar of this statute, after five years adverse possession, he had only to show that he and those under whom he claimed, held under a deed from a collector of the revenue, of lands sold for the non-payment of taxes. He was not bound to show that all the requirements of the law had been complied with, in order to make the deed a valid and indefeasible conveyance of the title. If the court should require such

proof before a defendant could have the benefit of this law, it would require him to show that he had no need of the protection of the statute before he could be entitled to it. Such a construction would annul the act altogether, which was evidently intended to save the defendant from the difficulty, after such a length of time, of showing the validity of his tax title."

Some courts hold that the special statute of limitations only applies where the tax deed is valid upon its face. Mason v. Crowder, 85 Mo. 526; Taylor v. Miles, 5 Kan. 498; Larkin v. Wilson, 28 Kan, 513; Wofford v. McKinna, 23 Tex. 36; Kilpatrick v. Sisneros, ib, 113; McGavock v. Pallack, 13 Neb. 538, 14 N. W. Rep. 659; Sheehy v. Hinds, 27 Minn, 259, 6 N. W. Rep. 781; King v. Lane,     S. D.    , 110, N. W. Rep. 37.

Other courts hold that an action cannot be maintained by the original owner of land sold for taxes, against one who has been in possession of it for the statutory period, claiming title in good faith under a tax deed, although the deed is void upon its face. Edgerton v. Bird, 6 Wis. 527; Oconto Co. v. Jerrard, 46 Wis. 317, 50 N. W. Rep. 591; McMillan v. Wehle, 55 Wis. 685, 13 N. W. Rep. 694.

This court has held that the statute of limitations prescribed by section 61, chapter 3413, acts of 1883, and section 20, chapter 1887, acts of 1872, and section 63, chapter 1976, acts of 1874, will not apply to a suit to set aside a void deed or to recover possession of land attempted to be conveyed thereby. McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103; Carncross v. Lykes, 22 Fla. 587; Grissom v. Furman, 22 Fla. 581; Sloan v. Sloan, 25 Fla. 53, 5 South. Rep. 603; Townsend v. Edwards, 25 ib. 582, 6 South. Rep. 212. Under these statutes, the limitation ran from the recording of the tax deed. They required no actual possession of the

land by the holder of the tax title. As these statutes depended merely upon the recording of the tax deed for a certain period, when the deed fell because it was void there was nothing left for the statute to rest upon and the statute fell with the deed. But a void tax deed may be color of title. Townsend v. Edwards, *supra*. As the limitation prescribed by section 591, of the General Statutes rests upon the actual possession of land purchased at a tax sale, when the tax deed falls because it is void, the statute does not fall with the deed, because it rests upon the possession of the land, and the deed becomes merely the color of title. The statute would not apply if the tax deed were void, and no title by adverse possession was shown. See Saddler v. Smith, 54 Fla. 671, 45 South. Rep. 718, where the defendant was not in possession and did not claim title by adverse possession under the void tax deed.

By the enactment of section 64, chapter 4322, acts of 1895, now section 591, of the General Statutes, a radical departure has been made by our law-makers in the policy of quieting tax titles. Under statutes that made the limitation to run from the recording of a tax deed for a stated period, and that required no notice to the former owner by the purchaser's actual possession of the land, speculators flourished to the annoyance and injury of the land owners and tax payers of the State. And so it would seem, our law-makers designedly adopted the provisions of section 591, of the General Statutes, encouraging thereby the buyer who in good faith would go into actual possession of the land, and affording by such actual possession of the land a notice of higher order to the delinquent tax payer of the passing of his right to object to the irregularities and illegalities in the tax proceedings. This legislation may be commended in the language of this court in Florida

Savings Bank v. Britain, 20 Fla. 507, as the endeavor of the law-maker "to give some force to a tax title, thereby securing bidders other than those notoriously for speculation; and also advising the citizen that he must pay his taxes, like all good citizens should do or his property will be sold to some purpose."

Much more may be said in support of the policy of a statute that bars the former owner's right to recover by proof of adverse possession for four years by the holder of a void tax deed than may be said in behalf of the statute that bars the former owner's right to recover by proof of adverse possession for seven years under any other color of title. When the state sells lands at tax sale, gives the purchaser a deed regular on its face, takes his money and requires him to go into the actual possession of the land so purchased for four years, causing the purchaser thereby to improve the land at his expense, before he can claim the protection of the statute of limitations, and the purchaser has complied with all the requirements of the law, the former owner who is in default should not be permitted to oust the purchaser because of the dereliction of the officials of the state. The law-makers have declared this should not be done, good policy proclaims its wisdom and the courts should give effect to this legislation.

The court did not err in granting the motion for a new trial and the judgment is affirmed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concurs in the opinion.