THE SKINNER MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error,* v. LUM WRIGHT, *Defendant in Error.*

1. The legal title to land is conveyed by the execution of a deed pursuant to the statute of frauds and the operation thereon of the statute of uses, both of which statutes were enacted by the Territorial Council in 1828 and are brought forward in the General Statutes as sections 2448 and 2455. Title to lands may also be acquired by continued adverse possession and occupation for the period and under the circumstances stated in the statutes.

2. In an action of ejectment the plaintiff must recover on the strength of his own title and not on the weakness of the title of the defendant. The plaintiff cannot recover even as against one without title unless he shows title or prior possession.

3. To recover possession of land in an action of ejectment against one in actual possession, the plaintiff should show title in himself and a right to the possession, or that he had been in actual *bona fide* possession of the land and was ousted by the defendant.

4. Where the plaintiff in ejectment undertakes to show title in himself, he must deraign title from an original source or from one having possession and a right to convey the title.

5. In an action of ejectment where the plaintiff fails to show title in himself and the evidence as to prior possession is conflicting, the finding of the jury for the defendant will not be disturbed where there is evidence to sustain the verdict and the rulings of the court in rejecting testimony did not cause the failure of the plaintiff to make out his case.

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Ernest Amos,* for plaintiff in error;

*Blount & Blount & Carter,* for defendant in error.

WHITFIELD, J.—The plaintiff in error brought an action of ejectment in the statutory form against the defendant in error to recover the possession of real estate and also mesne profits. The plea was not guilty. Judgment was rendered for the defendant. On writ of error

the plaintiff assigns as errors the rejection of testimony, the giving of charges and the denial of a motion for new trial.

At the trial the plaintiff undertook to deraign title to the land by deeds of conveyance beginning with one Frank Smith in 1871. It was not shown that Smith was in possession of the land or that he had a right to the possession when the deed of conveyance by him was executed. Nor was it shown that any of the predecessors in title of the plaintiff were in possession of the land at or about the time deeds of conveyance of the land were made by them. The plaintiff did not show such adverse possession with or without color of title for the requisite period to ripen into title.

The testimony as to whether the defendant went into possession acknowledging the title of the plaintiff is conflicting and the jury settled the conflict adversely to the plaintiff.

In this State a conveyance of the legal title to land is made by the execution of a deed under the statute of frauds and by the operation upon such deed of the statute of uses, both of which statutes were first enacted by the Territorial Council in 1828, and are brought forward as sections 2448 and 2455, of the General Statutes. Under those statutes where a deed of conveyance duly executed by one having title and possession is delivered, the legal title to the land sufficiently identified therein passes. Title may be acquired by continued adverse possession and occupation for the period and under the circumstances stated in the statute. See sections 1721, 1722, General Statutes.

In an action of ejectment the plaintiff must recover on the strength of his own title and not on the weakness of the title of the defendant. He cannot recover even

as against one without title unless he shows title or prior possession.    Burt v. Florida Southern Ry. Co., 43 Fla. 339, 31 South. Rep. 265.

To recover possession of land in an action of eject-ment against one in actual possession, the plaintiff should show title in himself and a right to the possession, or that he had been in actual *bona fide* possession of the land and was ousted by the defendant.    Harris v. Butler, 52 Fla. 253, 42 South. Rep. 186, and authorities cited.

Where the plaintiff undertake to show title in himself, he must deraign title from an original source or from one having possession and a right to convey the title. Florida Southern Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581; Smith v. Klay, 47 Fla. 216, 36 South. Rep. 54; Florida Finance Co. v. Sheffield, decided this term.

The plaintiff corporation failed to show title in itself. The evidence as to prior possession was conflicting, and in settling the conflict in favor of the defendant the finding of the jury is not clearly against the evidence. The failure of the plaintiff to prove title or prove posses-sion was not caused by the rejection of the testimony complained of by the charges given, therefore, it is not necessary to consider in detail the errors assigned. There was no error in denying the motion for new trial and the judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.