OCALA NORTHERN RAILROAD COMPANY, A CORPORATION, *et al., Plaintiffs in Error,* v. J. B. MALLOY, *Defendant in Error.*

### Opinion Filed December 1, 1914.

1. In an action of ejectment, where the plaintiff introduces documentary evidence tracing his title to the land in controversy through successive deeds back to a certain railroad corporation, and also introduces documentary evidence showing that such land had been approved by the U. S. to another railroad corporation, and fails to connect his title with any title emanating from the corporation to which such land was approved, he cannot recover.

2. An appellate court will take judicial notice of its own opinions, and also of its own records, so far as they appertain to the case before it for consideration, but will not take judicial notice in deciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record in the case under consideration.

3. The plaintiff in ejectment must recover upon the strength of his own title and not on the weakness of his adversary's title.

Writ of error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*H. M. Hampton* and *Hocker & Martin,* for Plaintiffs in Error;

*W. K. Zewadski,* for Defendant in Error.

SHACKLEFORD, C. J.—J. B. Malloy brought an action of ejectment against the Ocala Northern Rail-

road Company, a Corporation; J. G. Boyd, as Receiver of the Ocala Northern Railroad Company, and J. M. Thomas, trustee in bankruptcy of E. P. Rentz & Sons, for the recovery of the possession of certain described lands and for mesne profits. A trial was had, which resulted in a verdict and judgment in favor of the plaintiff. Twelve errors are assigned, but in view of the conclusion which we have reached it will not be necessary to discuss all of them. We shall confine ourselves to those assignments which attack the sufficiency of the evidence to prove the plaintiff's title to the land in controversy. By a chain of deeds the plaintiff traced his title from the Peninsular Railroad Company, a Corporation. The plaintiff then introduced in evidence a certificate from the General Land Office of the United States, showing that the land in question was approved to the Florida Central & Peninsular Railroad Company, a corporation, in 1893, under the Act of Congress, approved May 27th, 1856, entitled "An Act Granting Public Lands in Alternate Sections to the State of Florida and Alabama, to aid in the construction of certain railroads in said States." It was and is contended by the defendants that, as the plaintiff claimed to derive his title to the land in dispute through successive deeds back to the Peninsular Railroad Company, a corporation, out of which whatever title it had passed by a deed dated the 17th day of November, 1882, which was a different corporation from the Florida Central & Peninsular Company, to which such land had been approved, as above stated, the plaintiff, having failed to connect his title with any title emanating from such Florida Central & Peninsular Railroad Company, could not recover and that the defendants were entitled to have the jury instructed to return a verdict in their favor, which the trial court refused to do. We are of the opinion that

this contention is supported by the evidence adduced and will have to be sustained. If it be true that the Peninsular Railroad Company was ever merged into, consolidated with or succeeded by the Florida Central & Peninsular Railroad Company, no evidence was introduced to that effect. It is true that the plaintiff introduced as a witness in his behalf W. K. Zewadski and sought to prove by him that the Florida Central & Peninsular Railroad Company and the Peninsular Railroad Company constituted the same railroad company, but the testimony so offered was inadmissible for that purpose and, viewed in the most favorable light possible for the plaintiff, failed to establish such fact, and the motion of the defendants to strike the same should have been granted. We cannot take judicial notice of what is contained in the record of another and distinct case, unless it is made part of the record of the case under consideration. See McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Capital City Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189, Ann. Cas. 1914 B1211; South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 South. Rep. 125. This being true, we cannot take judicial notice of what is contained in the record in the case of Bloxham v. Florida Cent. & P. R. R. Co., 35 Fla. 625, 17 South. Rep. 902, to which the plaintiff refers in his brief, even if our doing so would aid him in his contention. It is elementary that the plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary's. See Ropes v. Minshew, 51 Fla. 299, 41 South. Rep. 538.

It follows from what we have said that the judgment must be reversed and the case remanded for a new trial.

Judgment reversed.

TAYLOR, COCKRELL AND WHITFIELD, J. J., concur;

HOCKER, J., took no part.