JAMES H. BUNCH, *Plaintitff in Error*, v. HIGH SPRINGS BANK, A CORPORATION, *Defendant in Error.*

Opinion Filed April 4, 1921.

1. In ejectment plaintiff must recover, if at all, upon the strength of his title and not upon the weakness of the title of defendant.

2. Except in cases where there is a claim of title in plaintiff and defendant from a common source, in order to recover in ejectment plaintiff must prove prior possession in himself, or deraign his title either from some predecessor in possession or from an original source.

3. Where plaintiff relies upon prior possession of a predecessor from whom he has acquired title by judicial sale as giving him a right to recover in ejectment, he must prove such possession since the rendition of the judgment or decree upon which the sale was made.

4. Plaintiff's right to recover in ejectment depends not alone upon the strength of his title. He must prove also a right of entry. Title sufficient to warrant recovery and right of entry must co-exist.

5. As against one in adverse possession at the time, a deed is void and conveys neither the title nor right of entry to the purchaser of the land.

A Writ of Error to the Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment reversed.

*James H. Bunch,* for Plaintiff in Error;

*F. Y. Smith,* for Defendant in Error.

WEST, J.—The controversy between the parties to this litigation upon the question of the right of possession of the premises described has reached this court for the second time. (Bunch v. High Springs Bank, 76 Fla. 546, 80 South. Rep. 319).

This is an action in ejectment. The declaration is in the statutory form. The plea is not guilty. Upon a trial of the case the jury was directed by the court to return a verdict for plaintiff. Upon this verdict judgment was rendered for plaintiff and defendant took writ of error from this court.

There are a number of assignments of error, but it will not be necessary to discuss all of them.

To prove its ownership and right of possession plaintiff introduced in evidence a certified copy of a special master's deed conveying the property to it. This deed was

made on the 4th day of December, A. D. 1916, pursuant to the provisions of a final decree entered in a suit brought by the High Springs Bank, a corporation, against Phebe Lenora John and others to foreclose a mortgage upon the property made by said Phebe Lenora John to the High Springs Bank. The final decree in the suit, dated September 25, 1916, the bill of complaint and the original mortgage dated July 20, 1912, were also introduced in evidence, together with a deed from Isaiah M. DePew and wife conveying the property to Mrs. Phebe Lenora John. There were objections on various grounds to the introduction in evidence of each of these documents. There was proof also that upon the date of the execution of this mortgage Mrs. Phebe Lenora John was in possession of the land, resided upon it, had portions of it enclosed by a substantial enclosure and in cultivation and the balance was used by her for the purpose of husbandry, fuel and general farm purposes. It was also proved by plaintiff that she, Mrs. Phebe Lenora John, "moved off the place about Christmas time, 1912"; that at the time she moved away herself she left tenants in possession, but that in December, 1914, the defendant ousted her tenants and went into possession of the property and continued thereafter in possession until the date of the trial. At the close of plaintiff's testimony there was a motion for a directed verdict for defendant upon the grounds, among others, that plaintiff had not proved title to nor right of possession of the property, but this motion was denied.

The familiar rule in ejectment is that plaintiff must recover, if at all, upon the strength of his title and not upon the weakness of the title of defendant. Clark v. Cochran, 79 Fla. 788, 85 South. Rep. 250; Ocala Nor. R. Co. v. Malloy, 68 Fla. 430, 67 South. Rep. 93; Florida

Finance Co. v. Sheffield, 56 Fla. 285, 48 South. Rep. 42; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; Ropes v. Minshew, 51 Fla. 299, 41 South. Rep. 538; Burt v. Florida So. Ry. Co., 43 Fla. 339, 31 South. Rep. 265. Except in cases where there is a claim of title in plaintiff and defendant from a common source, in order to recover plaintiff must prove prior possession in himself or deraign his title either from some predecessor in possesion or from an original source. Skinner Mfg. Co. v. Wright, *supra;* Florida Finance Co. v. Sheffield, *supra;* Burt v. Florida So. Ry. Co., *supra;* Florida So. Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581; Jackson v. Haisley, 35 Fla. 587, 17 South. Rep. 631; L'Engle v. Reed, 27 Fla. 345, 9 South. Rep. 213; Ashmead v. Wilson, 22 Fla. 255; Seymour and Simpson v. Creswell, 18 Fla. 29.

Where plaintiff relies upon prior possession of a predecessor from whom he has acquired title by judicial sale as giving him a right to recover, he must prove such possession since the rendition of the judgment or decree upon which the sale was made. Jones v. Lofton, 16 Fla. 189; Hartley v. Ferrell, 9 Fla. 374; 5 Enc. of Ev., 11.

Plaintiff's right to recover depends not only upon the strength of his title. He must prove also a present right of entry. His title, such as is indicated above, and right of entry must co-exist. As against one in adverse possession at the time, a deed is void and conveys neither the title nor right of entry to the purchaser of the land conveyed. Reyes v. Middleton, 36 Fla. 99, 17 South Rep. 937; Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391; Nelson v. Brush, 22 Fla. 374; Levy v. Cox, 22 Fla. 546; Doe, etc., v. Roe, 13 Fla. 602; See Sec. 2455, General Statutes, 2 Rev. Gen. Stats., Sec. 3795, Sec. 2455, Compiled Laws of Florida.

In the case under consideration defendant was, at the time of the sale and execution of the special master's deed to plaintiff, in possession of the land, claiming it adversely to the mortgagor, plaintiff's predecessor. Plaintiff's deed, therefore, as against defendant was void, and being void conveyed no title to plaintiff. We do not consider the question of the validity of defendant's tax deed. It antedates the deed of the special master under which plaintiff claims title and is confirmatory of the claim of adverse possession by defendant. Upon another trial of the case if plaintiff proves such title as will entitle it to recover, the question of the alleged invalidity of the defendant's tax deed will still be open for investigation. Since plaintiff proved no title nor prior possession and the property involved was not only not in possession of its predecessor, but was in the adverse possession of another at the time the conveyance under which it claims was made, there was no right of recovery shown in the plaintiff and there was, therefore, error in directing the verdict for plaintiff.

The judgment will be reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.