HELENA MYRTLE MESSINA LESTER, *et vir., et al.,* v. WALTER T. SCHUTT.

152 So. 726.
Division A.
Opinion Filed December 27, 1933.
Petition for Rehearing Denied March 5, 1934.

J. *Warren Kennedy*, for Plaintiffs in Error;

*Evans & Mershon* and *Thos. Mc. E. Johnston*, for Defendant in Error.

ELLIS, J.—This is an action of ejectment brought by Walter T. Schutt against Helena Myrtle Messina Lester and G. W. Lester, her husband, and Dade County to recover possession of Lot Sixty-seven of the Town of Lemon City, Florida, according to the map thereof recorded in Deed Book D, page 509, of the public records of Dade County, being the same lot that is otherwise known as Lot Sixty-six according to the map of Lemon City recorded in Plat Book B at page 32. The lot had a frontage of fifty feet on Lemon Avenue and a depth of one hundred feet and lies on the west side of and adjoining the road known as the Dixie Highway or Little River Road.

Each defendant pleaded not guilty. Issue was joined on the pleas January 2, 1928. The case came on to be heard January 12, 1929, more than a year later.

The record discloses that on January 14, 1929, counsel for plaintiff and counsel for defendants each moved the court for a directed verdict in favor of his client respectively. The court reserved its ruling upon those motions.

The Clerk's minutes of that date contain the following entry:

" 'Counsel for Plaintiff and Defendant respectively entered into a stipulation whereby it was agreed that all the jurors heretofore empaneled to try the issue save one be excused from further consideration of said cause, and that the case be decided by the Honorable Paul D. Barns as pre-

siding judge and that the verdict be then signed by the one remaining juror as foreman.' "

On the 11th day of February, 1929, the parties entered into a stipulation in writing which is set out here in full:

"IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY,

"ACTION OF EJECTMENT.
"DAMAGES $1,000.00.

"WALTER T. SCHUTT, Plaintiff, v. HELENA MYRTLE MESSINA LESTER and G. W. LESTER, her husband, and DADE COUNTY, Defendants. STIPULATION WAVING JURY.

"It is hereby stipulated and agreed by and between the parties plaintiff and defendant, by their respective attorneys of record, as follows:

"1. That trial of this cause by jury be, and the same hereby is, waived.

"2. That this cause shall be submitted to the Court upon 'the testimony heretofore taken before the Honorable Paul D. Barns, one of the Judges of this Court, and that the Court may enter final judgment in this cause with like force and effect as if the same had been tried before a jury, and either within or without term time.

"Dated at Miami, Florida, upon this 11th day of February, 1929.

"EVANS & MERSHON,
"Attorneys for Plaintiff.
"PINE, CHEETHAM & KEHOE,
"Attorneys for Helena Myrtle Messina Lester and G. W. Lester, her husband.
"A. B. & C. C. SMALL,
"Attorneys for Dade County."

That stipulation was filed the following day.

The evidence was completely submitted on January 14,

1929. Counsel announced that they had completed the introduction of evidence and each announced that his case was ready to be submitted. The jury had heard all the evidence. The plaintiff's counsel then on January 14, 1929, moved for a directed verdict for the plaintiff and the court on September 10, 1930, nearly twenty months afterwards, entered the following "finding and judgment," in which it was recited that:

"Upon the 12th day of January, 1929, this cause came on for trial before the Court and a jury upon the declaration and the pleas of the respective defendants, and the parties being present by their respective counsel, and evidence having been offered and testimony adduced, and reduced to writing, and each side having rested, the Court thereupon announced that there was no issue of fact proper to be determined by the jury and that the Court would direct a verdict upon consideration of the law and the evidence, and subsequently thereto all parties having stipulated and agreed in writing, signed by their respective counsel of record and filed in this cause, that trial by jury be waived and that the cause be submitted to the Court upon the testimony theretofore taken, and that the Court might enter final judgment in the cause with like force and effect as if the same had been tried before a jury and either within or without term time, and the Court having considered the evidence and argument of counsel, finds:

"That the plaintiff, Walter T. Schutt, is the owner in fee simple and has the right of possession of the following described property in Dade County, Florida, to-wit:"

Then follows a description of the land as contained in the declaration.

The judgment then follows, which is set out here, omitting the description which is the same as set out in the finding:

"WHEREUPON, IT IS CONSIDERED, ORDERED AND ADJUDGED that the plaintiff, Walter T. Schutt, is the owner in fee simple and has the right to immediate possession of the following described property in Dade County, Florida, to-wit: * * *.

"IT IS FURTHER ORDERED that a writ of *habere facias possessionem* be and is hereby ordered to be issued, to be directed as required by law, putting the plaintiff in possession of the above described property.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff do have and recover of and from the defendants, Helena Myrtle Messina Lester and G. W. Lester, her husband, and Dade County, all costs of the court in this behalf expended, which said costs are here taxed and assessed in the sum of $25.15.

"DONE AND ORDERED at Miami, Florida, this 10th day of September, A. D. 1930.

"PAUL D. BARNS,
"Circuit Judge."

Which was recorded the same day.

On October 28, 1930, the Lesters lodged with the court a motion to vacate the final judgment. The motion is based on twelve grounds which present the following points: That the judgment shows on its face that the defendants (the Lesters) did not waive a trial by jury; that the record does not disclose that the Lesters waived a jury trial nor that they entered into any agreement in writing to waive a trial by jury, and that no verdict appears to have been signed by the foreman of the jury as was required by the stipulation of counsel. To that motion was attached two affidavits, one by Mrs. Lester and the other by her husband. The substance of the affidavits attacks the regularity of the proceedings in the matter of the waiving of a jury on the ground that the Lesters were not cognizant of what was

transpiring in the matter of a waiver of jury trial, although they were present and listened attentively to the proceedings, did not acquiesce in the agreement which was contrary to their wishes as they had always desired and insisted upon a jury trial.

There was also an affidavit by Joseph M. Cheetham, an attorney at law, who deposed that he represented the Lesters at the trial. He sets out in the affidavit how the agreement came about to submit the cause to the trial judge without a jury. He avers that after the evidence was all heard, the court called the three attorneys who represented the parties and announced to them that it was his opinion that there was no issue in the case proper to be determined by the jury and requested the attorneys to stipulate for the withdrawal of the case from the jury and to provide for all issues of fact to be decided by the court; that affiant perceived that "such was the wish of the court and the two remaining counsel in the case," and believing that any action he took would be acceptable to his clients and ratified by them, did not consult them "in the premises," but did stipulate with the remaining counsel "in accordance with the court's suggestion, that trial by jury be waived as aforesaid."

The affiant said the conference between the court and counsel "relative to the waiving of the jury was had off the record" and he believes that its "purport was not and could not have been heard and understood by his said clients or either of them"; that his clients expressed surprise when they heard of it and announced their dissatisfaction with his action, and that he had no notice of the final judgment until the expiration of more than a week from its rendition and after the time in which he might move for a new trial. He also has much to say about his understanding as to the purpose of retaining the foreman of the jury to

sign the verdict being to require a rendition of a verdict in open court and thereby give the losing party time to file a motion for a new trial.

Mr. Cheetham is a member of the law firm of Pine, Cheetham & Kehoe, whose names are signed to the stipulation dated February 11, 1929, nearly a month after the trial when he yielded to the court's suggestion and the wishes of the other counsel and stipulated with them in accordance with the court's suggestion. He does not state in his affidavit that he advised his clients that he had, or his firm had, a month after the case was called for trial entered into a stipulation to waive a trial by jury. He does not state in the affidavit why he did not advise his clients that such stipulation had been entered into before the judgment was rendered, although he had more than a year and eight months in which to do it.

He does not explain why the written stipulation was made a month after the oral one in court was entered into, nor does he state that his clients always wanted a jury trial and had so advised him, nor why he disobeyed their wishes in the matter, if they had in fact informed him of their wishes as their affidavits disclose.

There was no motion for a new trial. The writ of error was taken five months and twenty-nine days after the judgment was entered. See Sec. 4619 C. G. L. 1927.

The written stipulation to waive a jury was entered into one year and nearly seven months before the judgment was entered, but about a month after the testimony was heard by the jury and the court had discharged all the jurors except one pursuant to the oral agreement between the parties that the case should be decided by the judge and the verdict to be signed by the one remaining juror.

There is no doubt in the mind of the Court that the oral agreement between counsel was entered into after the tes-

timony had been submitted to the jury and the court had announced that there was no issue properly to be submitted to a jury and that he would direct a verdict.

That oral agreement provided that the verdict would be signed by one juror after the others were excused and that the case would be decided by the presiding judge. It is also clear to the Court that the oral agreement was not carried out. The verdict was not signed by one of the jurors which was an important and material part of the agreement as the defeated party would have in such case an opportunity to move for a new trial within the allotted time.

The written agreement signed a month later can be construed only as referring to the oral agreement which it in no wise contradicts. The writing whereby the parties agreed to waive a jury was made a month after the jury had been waived. It could not relate to a trial to take place in the future. The trial in fact had already taken place. So the agreement that the trial by jury be waived must necessarily relate to the waiver which already had occurred. The agreement that the judge should "enter final judgment" in the case with like force and effect as if the same had been tried before a jury was no more than what the oral agreement provided. Under that agreement the judge was to decide the case, but the verdict was to have been signed by one of the jurors which necessarily meant a proceeding in open court.

Now the oral agreement was not observed by the court in the rendition of the judgment which should have been upon a verdict duly signed by one of the jurors in court.

If the cause was to have been submitted to the judge without a jury in vacation it would have been necessary for "all parties" to agree thereto in writing. Whether that phrase above quoted means "all parties or their counsel"

it is not necessary now to determine because this record discloses no such case. The case at bar was being tried in term time. A jury had been sworn. All evidence had been submitted when the court volunteered the information that he would direct a verdict because there was no "issue of fact" proper to be determined by the jury.

What the court probably meant was that the evidence in the case failed to support the issue on behalf of the plaintiff or perhaps on behalf of the defendants. One of the parties then on that announcement knew that he was to sustain defeat. So on the suggestion of the court, or counsel, it was agreed that the jury should be discharged except one juror who should sign the verdict and the court should thereupon enter its judgment. The aggrieved party would then be fully advised and could prepare his motion for a new trial. The course pursued by the court deprived the defendant, who seems to have been the losing party, of that right.

It is unnecessary to discuss the question of waiver of a jury, nor whether the oral or written consent of the actual parties was essential nor whether the written stipulation was sufficient in the circumstances to effect a waiver of a jury trial. The oral agreement following upon the conversation between the court and counsel amounted to nothing more than that the court should instruct a verdict for one of the parties and enter judgment upon that verdict. That agreement the court did not carry out and his failure to do so was to the defendant's injury.

For that error the judgment is reversed and a new trial awarded.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.