WALTER T. SCHUTT v. HELENA MYRTLE MESSINA LESTER, *et vir,* and DADE COUNTY

198 So. 219
Division A
Opinion Filed October 15, 1940
Rehearing Denied November 5, 1940

*Morrow & Mayes* and *Evans, Mershon & Sawyer,* for Plaintiff in Error;

*Blackwell & Walker* for Helena Myrtle Messina Lester, *et vir,* and *Hudson & Cason* for Dade County, Defendants in Error.

BUFORD, J.—On writ of error, we review judgment in ejectment in favor of defendants.

Both parties asserted title from a common source.

It is well settled that in ejectment "the plaintiff must recover on the strength of his own title and not on the weakness of the title of the defendant. The plaintiff cannot recover even as against one without title unless he shows title or prior possession. Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350; Ropes v. Minshew, 51 Fla. 299, 41 So. 538; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 So. 931; Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42, 23 L. R. A. (N. S.) 1102, 16 Ann. Cas. 1142; Burns v. McDaniel, (Fla.) 140 So. 314; Williams v. Guthrie, 102 Fla. 1047, 137 So. 682; Johnson v. Reynolds, 97 Fla. 591, 121 So. 793; Bunch v. High Springs Bank, 81 Fla. 450, 89 So. 121; Ocala Northern R. Co. v. Malloy, 68 Fla. 430, 67 So. 93; Burt v. Florida So. R. Co., 43 Fla. 339, 31 So. 265."

This is the third appearance of this litigation in this Court. See Lester v. Schutt, 113 Fla. 659, 152 So. 726, and Lester v. Schutt, 128 Fla. 302, 174 So. 583.

We think no useful purpose may be served by an extended discussion of the history of the case nor of the matters insisted upon in the respective briefs.

We find no reversible error in connection with the court's rulings on the admissibility of evidence.

When all the evidence had been submitted to the jury under proper instructions by the court, it was the province of the jury to determine whether or not the plaintiff had established title and right of possession in the plaintiff and a better title than that shown to be in the defendants.

The jury, as shown by the verdict, found that plaintiff had failed to carry the burden to the satisfaction of the jury. The record supports the conclusion reached by the jury and we may say that it is also sufficient to have supported an opposite conclusion if the jury had so found.

There were conflicts in the evidence which could not be reconciled and it was the province of the jury to determine which contention or statements should be given the greater weight and probative force and, on that conclusion, render its verdict. This duty the jury appears to have fairly discharged.

The record discloses no reversible error, so the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.