BLUE, Acting Chief Judge.
John C. Mobley appeals a final summary judgment of ejectment in favor of Bill Hunt. Because there are disputed issues of material fact that made summary judgment improper, we reverse.
The issue in this case revolves around a piece of real property in Pasco County. Mobley acquired the tax certificate and, ultimately, obtained a tax deed for this property and began construction of a dwelling. The appellee, Hunt, owns adjoining property. Mobley filed an action to quiet title to the property based on the tax deed. Hunt intervened in the quiet title action, asserting his own claim to quiet title based on a quitclaim deed and also seeking to eject Mobley from the property. Hunt then moved for summary judgment on Mobley’s claim to quiet title. The trial court granted summary judgment against Mobley because the tax deed contained an erroneous legal description of the property. This summary judgment is not before us in this appeal. Mobley subsequently obtained a corrected tax deed.
The trial court then proceeded on Hunt’s counterclaim for ejectment of Mobley. The trial court did not rule on Hunt’s claim to quiet title to the property based on his quitclaim deed. In fact, Hunt’s quitclaim deed does not appear in the record. The trial court granted Hunt summary final judgment of ejectment.
In an ejectment action, a plaintiff may recover only on the strength of the plaintiffs own title. See Florida Fin. Co. v. Sheffield, 56 Fla. 285, 48 So. 42 (Fla.1908). “The plaintiff cannot recover merely on the strength of a deed to himself without showing that his grantor had a prima facie right to recover, and a mere deed, unaccompanied by evidence of the grantor’s seisin, is not prima facie evidence of the grantor’s title.” 56 Fla. at 288, 48 So. at 43. The record on appeal contains nothing more than bare allegations regarding the issue of Hunt’s title.
Furthermore, we conclude that a disputed issue of material fact exists based on Mobley’s claim to the property pursuant to a corrected tax deed. Under section 197.552, Florida Statutes (1995), “no right [or] interest ... shall survive the issuance of a tax deed” and “[a]ll tax deeds issued pursuant to this section shall be prima facie evidence of the regularity of all proceedings from the valuation of the lands to the issuance of the deed.” Hunt may attack the validity of Mob-ley’s tax deed by demonstrating that taxes were in fact paid on the property, or that the proper statutory notice was not mailed. See Locke v. Stuart, 113 So.2d 402 (Fla. 1st DCA 1959) (affirming summary judgment of ejectment for record title holders when uncontra-dicted affidavit by clerk established that clerk failed to provide proper notice of tax sale; uncontradicted evidence rebuts tax deed’s statutory presumption of validity). *250 See also D.R.L., Inc. v. Murphy, 508 So.2d 413 (Fla. 5th DCA 1987) (tax deeds are prima facie evidence of their own validity; party must plead facts showing invalidity such as lack of proper notice or improper procedures for tax sale, payment of taxes, or redemption prior to issuance of tax deeds). However, in the absence of pleading and proof directed to the validity of the corrected tax deed, we conclude that the trial court erred in granting the ejectment summary judgment.
Accordingly, we reverse and remand for further proceedings.
NORTHCUTT and GREEN, JJ., concur.